IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ELLIOT TRAVIS BACON<br><br>Plaintiff,<br><br>vs.<br><br>SGT. TAYLOR,<br><br>Defendant. | CV 25–12–H–DWM<br><br>ORDER |

Defendant Taylor moved for relief under Federal Rule of Civil Procedure 54(b) from the Court's July 10, 2026, Opinion and Order, (Doc. 36), regarding Taylor's and former-Defendants Highley and Salmonsen's motion for summary judgment. (Doc. 50.) For the reasons set forth below, the motion is denied.

As an initial matter, Taylor has failed to comply with District of Montana Local Rule 7.3(a), which mandates that "[n]o one may file a motion for reconsideration of an interlocutory order without prior leave of court." Taylor filed the instant motion directly, without first seeking leave or establishing the strict prerequisites set forth under Local Rule 7.3(b).

Further, even if evaluated on its merits, this motion is untimely. This motion was filed on October 9, 2026—just eighteen days before the scheduled October 27, 2026, trial date and four days before the Final Pretrial Order due on October 13, 2026.

Although it is recognized that Taylor retained new, independent counsel, having previously been represented by joint counsel during the summary judgment briefing, a substitution of counsel does not reset the standard scheduling clocks or erase the prior procedural history of this case. While Rule 54(b) allows for courts to revise "any order or decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities[,]" transitions of counsel do not justify a delay that prejudices the opposing party and disrupts the Court's calendar.

Finally, because Taylor was acting in the course and scope of his employment duties at the time of the relevant conduct, the State is the responsible party in this matter under Mont. Code Ann. §§ 2-9-102, -305. The Court has been notified that the State has resolved all pending issues with Bacon, pursuant to its authority to compromise claims relating to the State's obligations under Mont. Code Ann. § 2-9-303(1). (Docs. 51, 53). Despite Taylor's objection, he is not required to make any admission of liability in Bacon's General Release of claims, (Doc. 52-1). Therefore, Taylor's Rule 54(b) motion is mooted by Bacon's signing of the General Release, (*Id.*).

Accordingly, IT IS ORDERED that Taylor's motion for relief under Rule 54(b), (Doc. 50), is DENIED.

DATED this 16th day of October, 2026.

Donald W. Molloy, District Judge
United States District Court