IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELANA DIVISION

| | |
|---|---|
| ELLIOT TRAVIS BACON,<br><br>Plaintiff,<br><br>vs.<br><br>SGT. TAYLOR,<br><br>Defendant. | CV 25–12–H–DWM<br><br><br>ORDER |

Plaintiff Elliot Travis Bacon moves under Federal Rule of Civil Procedure 41(a)(2) to dismiss the above-titled action without prejudice, with each party to bear its own costs and attorneys' fees. (Doc. 51.) Bacon and the State of Montana have resolved the claims at issue in this case though a General Release. (Doc. 52-1.) Additionally, the State of Montana, Department of Administration, moves for leave to intervene, pursuant to Federal Rules of Civil Procedure 24(a)(2), 24(b)(2), and District of Montana Local Rule 24.1, for the limited purpose of supporting Bacon's Rule 41(a)(2) motion to dismiss and seeking approval of the compromise set forth in the General Release negotiated between Bacon and the Department of Administration, pursuant to authority granted to the State by Mont. Code Ann. § 2-9-303(1). (Doc. 53.) Defendant Taylor opposes both the State's limited intervention and dismissal of the matter. (Docs. 51 at 2; 53 at 2.) For the reasons

set forth below, the State of Montana, Department of Administration's, motion to intervene, (Doc. 53) is granted, Bacon's General Release of claims, (Doc. 52-1), is approved, and Bacon's motion to dismiss the action, (Doc. 51), is granted.

**I**

The State of Montana, Department of Administration, moves for leave to intervene, pursuant to Federal Rules of Civil Procedure 24(a)(2), 24(b)(2)(A)–(B), and District of Montana Local Rule 24.1, for the limited purpose of supporting Bacon's Rule 41(a)(2) motion to dismiss and seeking approval of the compromise set forth in the General Release, (Doc. 52-1), negotiated by Bacon and the Department of Administration, pursuant to Mont. Code. Ann. § 2-9-303(1). The State makes no express or implied waiver of sovereign immunity by virtue of this limited intervention. (Doc. 53 at 1.) Taylor opposes the State's intervention. (*Id.* at 2.)

Under Federal Rule of Civil Procedure 24, a nonparty may seek participation in an ongoing action either as a matter of right or through permissive intervention. Pursuant to Rule 24(a)(2), intervention as of right is warranted upon a timely motion where the applicant "claims an interest relating to the property or transaction that is the subject of the action," is positioned such that the disposition of the case may practically "impair or impede" that interest and demonstrates that existing parties do not adequately represent it. Fed. R. Civ. P. 24(a)(2).

Alternatively, under Rule 24(b)(2)(A)–(B), the court may exercise its discretion to permit a "state governmental officer or agency to intervene if a party's claim or defense is based on: a statute or executive order administered by the officer or agency; or any regulation, order, requirement, or agreement issued or made under the statute or executive order." Fed. R. Civ. P. 24(b)(2)(A)–(B). The court must consider whether the intervention is timely and will not result in undue delay or prejudice to the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Here, the Department of Administration's motion for limited intervention is timely, as the State's position is relevant only to supporting Bacon's motion to dismiss, (Doc. 50), and support the Court approving the General Release, (Doc. 52-1). Limited intervention will not result in undue delay because it supports dismissal of the action and it will not prejudice the original parties' rights because the State supports Bacon's position and, under Mont. Code Ann. §§ 2-9-102, -305, the State bears ultimate responsibility for Taylor's conduct undertaken in the course and scope of his employment. As the party on the hook for any potential liability, the State has a valid interest relating to the property that is the subject of the action. And, with Taylor represented by independent counsel rather than the State, the State is not adequately represented and is positioned such that disposition of the case may "impair or impede" that interest. Therefore, the factors necessary

for intervention as of right under Fed. R. Civ. P. 24(a)(2) are met. Likewise, because the State moves to intervene to support the Court approving the General Release, (Doc. 52-1), negotiated by the State, pursuant to Mont. Code Ann. § 2-9-303(1), the intervention sought is pursuant to state statute. Therefore, permissive intervention under Fed. R. Civ. P. 24(b)(2)(A)–(B) is warranted. As a result, the State's motion for leave to intervene for purposes of supporting Bacon's motion to dismiss and seeking approval of the General Release is granted.

**II**

Under Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed at the plaintiff's request "only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Here, Bacon and the State of Montana reached an agreement to dismiss the case without prejudice, set forth in the General Release of claims. (Doc. 52-1.) The Court is fully advised of the terms and conditions of the Release, which are deemed appropriate and proper under the circumstances. Taylor, the only remaining defendant in this matter, made no counterclaims prior to Bacon's motion to dismiss, so has no viable grounds to oppose dismissal under Rule 41(a)(2). Further, the State ultimately bears responsibility for Taylor's conduct

because the relevant conduct took place in the course and scope of his employment duties. Mont. Code Ann. §§ 2-9-102, -305. Therefore, because the State has reached an acceptable agreement with Bacon to release his claims, pursuant to its authority to compromise claims relating to the State's obligations under Mont. Code Ann. § 2-9-303(1) and Taylor having no outstanding counterclaims, Bacon's Rule 41(a)(2) motion to dismiss the matter is granted. Accordingly,

IT IS ORDERED that the State of Montana, Department of Administration's, motion for leave to intervene, (Doc. 53), is GRANTED.

IT IS FURTHER ORDERED that the General Release, (Doc. 52-1), is approved.

IT IS FURTHER ORDERED that Bacon's Rule 41(a)(2) motion to dismiss, (Doc. 51), is GRANTED and that the above-captioned cause is DISMISSED WITHOUT PREJUDICE, each party to bear its own costs and attorneys' fees.

All pending motions are MOOT and all deadlines are VACATED. The Clerk of Court is directed to close the case.

DATED this 19th day of October, 2026.

Donald W. Molloy, District Judge
United States District Court